## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDGAR DIAZ, # M04716, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 26-cv-00019-SMY** |
| | ) | |
| C/O TYNER (8223), ANTHONY WILLS, | ) | |
| CURTIS DALLAS, JEROD SCHANZ, | ) | |
| ROBERT GEARHART, | ) | |
| SANDY WALKER, | ) | |
| COLEMAN T. DUNBAR, | ) | |
| DANIEL GARCIA, C/O HOHGREFEE, | ) | |
| DANIEL BOUCHER, SI ANDERTON, | ) | |
| JOHN DOE #1 (C/O Menard CC), | ) | |
| KEVIN REICHERT, and | ) | |
| JOHN DOE #2 (Sanitation Security Staff), | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Edgar Diaz, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his confinement at Menard Correctional Center. He claims he was subjected to excessive force, retaliation, and harmful conditions of confinement; denied medical care; and denied due process in a disciplinary procedure (Doc. 1). He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

1

dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff declared a hunger strike on July 10, 2024 to protest abuse and unaddressed complaints (Doc. 1, p. 7).  He was forcibly moved from cell N2-211 to N2-516.  Defendant Tyner did not allow Plaintiff to take his property to the new cell.

On July 15, 2024, Tyner and Defendant Boucher took Plaintiff to the Health Care Unit ("HCU") for a hunger strike checkup.  As they returned to Plaintiff's cell, Tyner pushed and slammed Plaintiff to the pavement while he was cuffed and shackled.  They dragged Plaintiff back to the housing unit where Defendant Garcia painfully tightened his leg shackles.

Boucher wrote Plaintiff a disciplinary report for 105-dangerous disturbance and 215-disobeying a direct order, but the report was never properly served on Plaintiff.  Defendants Schanz and Gearhart (Intel Staff) interviewed Plaintiff on July 18, 2024 after his family contacted the prison to report ongoing abuse.

On July 29, 2024, while Plaintiff was still on hunger strike crisis status, Adjustment Committee members Defendants Walker and Dunbar conducted the disciplinary hearing at Plaintiff's cell.  They refused to write Plaintiff's full statement and refused to call witnesses. Walker said she "sticks it to people who go on hunger strike." (Doc. 1, p. 7).  They found Plaintiff guilty, and he was punished with segregation, demotion to C-grade, and loss of privileges.

Plaintiff filed an emergency grievance on July 29, 2024 declaring a water strike (Doc. 1, p. 8).  The Chief Administrative Officer ruled it non-emergency.  Plaintiff was sent to an outside hospital because of his water/hunger strike.

Defendants Dallas (Intel Lieutenant) and Anderton (State Investigator) interviewed

Plaintiff on August 22, 2024.  Plaintiff reported Tyner and other abuse, injustices, oppression, and his fear of retaliation.  Dallas and Anderton did not permit Plaintiff to review or keep a copy of his statement (Doc. 1, p. 8).

On or about August 28, 2024, Defendants Hohgrefee[1] and Tyner ordered Plaintiff to strip while he was in a non-contact/video visit room.  *Id.*  Tyner sprayed Plaintiff with a chemical agent and choked and struck Plaintiff while he was handcuffed.  Tyner took Plaintiff to another room and slammed his head into a wall.  Tyner denied Plaintiff's request for permission to decontaminate himself and ordered other staff not to allow Plaintiff to decontaminate because Plaintiff was filing complaints.  Plaintiff was blinded, choking, and screaming for help.  Hohgrefee did nothing to intervene or help Plaintiff (Doc. 1, p. 9).  Defendant John Doe Officer #1 took plaintiff back to his cell and refused to let him properly decontaminate.

Plaintiff wrote Defendant Wills (Menard Warden at the time) about the incident and filed an emergency grievance on approximately September 2, 2024.  Defendant Reichert (Assistant Warden of Operations) ignored it.  Plaintiff remained covered with the chemical agent residue which burned his skin and eyes and caused internal irritation.  Defendant John Doe #2 (sanitation staff) denied him decontamination, a change of clothes, and cleaning supplies for over a week. Wills, Reichert, and other staff failed to investigate the incident.

Plaintiff suffered severe emotional distress because of the above conduct (Doc. 1, p. 12).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    Eighth Amendment excessive force claim against Tyner for slamming Plaintiff to the floor on July 15, 2024, against Garcia for tightening Plaintiff's leg shackles, and against Boucher for failure to intervene.

---

[1] Plaintiff spells this defendant's surname as both "Hohgrefee" (Doc. 1, pp. 1, 3) and "Hohgrefe."  The Court will use the first spelling at this time.

Count 2:    Eighth Amendment excessive force claim against Tyner for spraying Plaintiff with a chemical agent and beating him on August 28, 2024, and against Hohgrefee for failure to intervene.

Count 3:    Eighth Amendment deliberate indifference to serious medical needs claim against Tyner, Hohgrefee, John Doe #1, John Doe #2, and Wills, for denying Plaintiff medical assistance after Tyner's August 28, 2024 deployment of chemical spray.

Count 4:    Eighth Amendment conditions of confinement claim against John Doe #2 for refusing to provide Plaintiff with a change of clothes or cleaning supplies for over a week after he was sprayed with the chemical agent on August 28, 2024.

Count 5:    First Amendment retaliation claim against Tyner for spraying Plaintiff with a chemical agent on August 28, 2024 because Plaintiff had filed complaints, and against Hohgrefee and John Doe #1 for participating in the retaliation by refusing to allow Plaintiff to decontaminate himself.

Count 6:    Fourteenth Amendment due process claim against Boucher, Schanz, Gearhart, Walker, and Dunbar related to Boucher's July 2024 disciplinary report, the disciplinary hearing, and the punishment imposed.

Count 7:    State law claim for Intentional Infliction of Emotional Distress against all defendants for the conduct described in Counts 1-6.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Preliminary Dismissals**

Plaintiff lists additional counts labeled as interference with the grievance process, supervisory liability, and official capacity claims against Defendants Wills and Reichert, and a failure to protect claim against Wills, Reichert, Dallas, Schanz, Gearhart, and Anderton (Doc. 1,

p. 11).  These claims will be dismissed without prejudice.

The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Nor does the failure to investigate a prisoner's grievance or complaint give rise to a constitutional claim.  *Id.*; *see also Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017); *Wilkins v. Illinois Dep't of Corr.* No. 8-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009).

There is no supervisory liability in civil rights cases brought pursuant to § 1983.  To be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Claims for monetary damages may only be pursued against state officials in their individual capacities – not their official capacities.  *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).

A prisoner may maintain an Eighth Amendment failure to protect claim where an official has a realistic opportunity to step in and prevent another official from violating the prisoner's rights.  *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).  Here, Plaintiff's vague allegations indicate that Wills, Reichert, Dallas, Schanz, Gearhart, and Anderton became aware of the claimed "ongoing retaliation, abuse, and chemical exposure" *after* these events had already occurred (Doc. 1, p. 11).  Because Plaintiff does not allege these individuals were aware he was at risk of the alleged violations perpetrated by others before they happened, he fails to state a claim for failure to protect.

..

**Discussion**

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Additionally, failure to intervene when another officer abuses a prisoner can be the basis for a constitutional violation under the Eighth Amendment. *See Harper*, 400 F.3d at 1064. To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Plaintiff adequately alleges an excessive force claim against Tyner for slamming him to the floor, against Garcia for painfully tightening his leg shackles, and against Boucher for failing to intervene despite witnessing these actions on July 15, 2024. Therefore, Count 1 may proceed against Tyner, Garcia, and Boucher.

### Count 2

Likewise, Plaintiff states an Eighth Amendment excessive force claim against Tyner for allegedly spraying him with a chemical and beating him on August 28, 2024, and against Hohgrefee for failure to intervene in that abuse. Count 2 will therefore proceed against Tyner and Hohgrefee.

### Count 3

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.

*Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state such a claim, a prisoner must plead facts suggesting (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  A guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]"  *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

Plaintiff's allegations are sufficient to state a claim for deliberate indifference in Count 3 against Tyner, Hohgrefee, John Doe #1, and John Doe #2, who allegedly refused Plaintiff medical attention after Plaintiff was sprayed with the chemical on August 28, 2024.

Regarding the deliberate indifference claim against Defendant Warden Wills for the events of August 28, 2024, Plaintiff alleges he wrote to Wills describing the incident and staff members' refusal to allow him to decontaminate from the chemical spray.  If Wills received the letter but took no steps to obtain medical attention for Plaintiff, he could be found liable for deliberate indifference.  Therefore, these allegations are sufficient to state a claim against Wills.

Count 3 will proceed against Tyner, Hohgrefee, John Doe #1, John Doe #2, and Wills. However, Plaintiff must identify the John Doe defendants by name before they can be notified of the action.

**Count 4**

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).  To state an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must plead facts suggesting he was denied "the minimal civilized measure

of life's necessities," amounting to a serious deprivation of basic human needs that created an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Rhodes*, 452 U.S. at 347. A prisoner must also sufficiently allege that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842.

Here, Plaintiff alleges that John Doe #2 refused to give him a change of clothes or cleaning supplies for over a week, during which he suffered burning and irritation due to the chemical residue that he was unable to clean off his body. Based on these allegations, Count 4 may proceed against John Doe #2 (sanitation security staff).

### Count 5

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff sufficiently pleads a retaliation claim against Tyner, Hohgrefee, and John Doe #1 based on Tyner's alleged statement that Plaintiff should not be allowed to decontaminate because he was filing complaints. Therefore, Count 5 will proceed against Tyner, Hohgrefee, and John Doe #1.

### Count 6

To state a due process claim related to disciplinary proceedings, an inmate must allege: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally

deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). For the liberty interest deprivation, an inmate who is punished with disciplinary segregation must allege that the segregation term was lengthy *and* the conditions of confinement were unusually harsh. *See Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024) (quoting *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)).

As to the procedural element, when the disciplinary action does not result in a loss of good-time credit, the inmate is entitled only to informal due process. Informal due process merely requires that an inmate be provided (1) notice of the reasons for his placement in segregation, and (2) an opportunity to present his views in a written statement or hearing. *Ealy*, 109 F.4th at 965; *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024).

Here, Plaintiff does not claim he lost good-time credit. He states his punishment included segregation time along with the loss of privileges and a grade demotion. Further, he alleges the disciplinary report was not properly served on him, but does not explain the deficiency in service. Thus, it is not clear whether the allegedly improper service amounted to a failure to give him advance notice of the charge. Plaintiff does not allege that Walker and Dunbar prevented him from presenting his defense during the disciplinary hearing, only that they refused to call witnesses and did not write his full statement. These allegations do not support a claim that Plaintiff was denied his right to informal due process.

Moreover, the Complaint includes no facts indicating that Plaintiff was deprived of a liberty interest when he was punished with segregation. He does not describe the length of time he was in segregation or the conditions of that confinement.

Count 6 fails to state a constitutional due process claim upon which relief may be granted and will be dismissed without prejudice.

9

**Count 7**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must plead facts suggesting the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Plaintiff's allegations against Tyner, Garcia, and Boucher in Count 1; against Tyner and Hohgrefee in Count 2; against Tyner, Hohgrefee, John Doe #1, John Doe #2, and Wills in Count 3; against John Doe #2 in Count 4; and against Tyner, Hohgrefee, and John Doe #1 in Count 5 satisfy this pleading standard. Because the emotional distress claim derives from the same facts underlying the surviving federal claims, it may be brought in this case. 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Accordingly, Count 7 will proceed against Tyner, Garcia, Boucher, Hohgrefee, John Doe #1, John Doe #2, and Wills, based on the conduct described in Counts 1-5.

**<u>Unknown/John/Jane Doe Defendants</u>**

Plaintiff is responsible for securing information aimed at identifying the Unknown/John Doe Defendants, in accordance with the John/Jane Doe Identification Order that will be entered separately. Once the names of the unknown defendants are obtained, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption

and throughout the Complaint.  The Warden of Menard Correctional Center, in his official capacity only, will be added as a defendant for the purpose of responding to Plaintiff's requests for information regarding the identity of the Unknown Defendants.

### Disposition

The Complaint states colorable claims in Count 1 against Tyner, Garcia, and Boucher; in Count 2 against Tyner and Hohgrefee; in Count 3 against Tyner, Hohgrefee, John Doe #1, John Doe #2, and Wills; in Count 4 against John Doe #2; in Count 5 against Tyner, Hohgrefee, and John Doe #1, and in Count 7 against Tyner, Wills, Garcia, Hohgrefee, Boucher, John Doe #1, and John Doe #2.  Count 6 and Defendants Curtis Dallas, Jerod Schanz, Robert Gearhart, Sandy Walker, Coleman Dunbar, SI Anderton, and Kevin Reichert are **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, in his official capacity, to the docket to assist in identification of the John Doe Defendants.

The Clerk shall prepare for C/O Tyner (8223), Anthony Wills, Daniel Garcia, C/O Hohgrefee, Daniel Boucher, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.  The Menard Warden need only appear in this matter and need not answer the Complaint.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.